**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **SSG BASEBALL, LLC,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **Case No. _____** |
| | § | |
| **SELECT SPORTS GROUP, LLC,** | § | |
| | § | |
| **Defendant** | § | |

## NOTICE OF REMOVAL

Defendant Select Sports Group, LLC files this Notice of Removal pursuant to 28 U.S.C. §§ 1121, 1331, 1441 and 1446, and hereby removes to this Court the state court action described below.

## PROCEDURAL BACKGROUND

1.     On February 9, 2015, Plaintiff SSG Baseball, LLC filed its Original Petition and Requests for Disclosure, initiating an action against Defendant Select Sports Group, LLC in the 191st Judicial District Court of Dallas County, Texas, which is within the district and division of this Court, under Cause No. DC-15-01633 (the "State Court Action).  *See* Original Petition and Request for Disclosure, attached as Exhibit 3.  The State Court Action seeks to adjudicate Plaintiff and Defendant's respective rights to trademarks that include the mark SELECT SPORTS GROUP.

2.      Defendant was served with process through its general counsel on March 12, 2015.[1]

3.      Plaintiff had previously filed the matter *SSG Baseball, LLC v. Select Sports Group, LLC*, Opposition No. 91219497 in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board ("TTAB") on November 25, 2014, seeking to block Defendant's registration of its SELECT SPORTS GROUP trademark and SSG logo.  A copy of that Opposition is attached to Defendant's Notice of Related Case. Plaintiff has moved to stay that case in light of its filing of this matter.  *See* Exhibits 7 and 8.

4.      Plaintiff has also filed its own trademark application with the United States Patent and Trademark Office for SELECT SPORTS GROUP BASEBALL and its logo.

## BASIS FOR REMOVAL

5.      The above-described State Court Action is a civil action of which the Court has subject matter jurisdiction under 15 U.S.C. 1121 and 1332 because Plaintiff has claims that arise under Federal trademark law, 15 U.S.C. §§ 1051 *et seq*.

6.      Among the relief sought by Plaintiff in the State Court Action is a declaration that "Plaintiff owns and holds exclusive ownership of and rights to use the Marks and Defendant does not own or hold any interest in the Marks [, including SELECT SPORTS GROUP BASEBALL]," and that "Plaintiff possesses an equal or superior right to Defendant to . . . the Marks."  Exhibit 3.  Plaintiff has argued in its

---

[1] Although the docket sheet for the State Court Action indicates a service date of March 5, 2015 (Exhibit **2**), the filed Affidavit of Service properly identifies the service date as March 12, 2015 (Exhibit **5**).

motion to stay the Opposition that "there is no doubt that [the State Court Action] will have a bearing on the Opposition."  Exhibit 7 at 5 (emphasis in original).  According to the Plaintiff, its removed action "will have a direct bearing on the rights of the parties to register their respective trademarks at the USPTO and on the appropriate description of services that each party should receive on their respective registrations."  *Id.  See also* Exhibit 8 at 2 (arguing that the decision in the State Court Action will be "necessary to determine which marks should be registered and to whom.")

7.     The registration of trademarks with the United States Patent & Trademark Office and opposition of those trademarks is governed exclusively by Federal law.  The conditions for registration of a trademark are governed by 15 U.S.C. § 1052.  Oppositions to registration are governed by 15 U.S.C. § 1063.  Those provisions completely preempt any state laws that would purport to govern the registration of trademarks with the USPTO.  While Plaintiff has attempted to artfully avoid pleading a federal claim in its cause of action, its statements to the TTAB reveal that its claims in the removed action relate to the registration of the parties respective trademarks are governed by Federal trademark law and/or are completely preempted by Federal law.

8.     A defendant may remove an action within 30 days of service.  28 U.S.C. § 1446(b)(1).  Defendant was served with process on March 12, 2015, making this removal timely.

9.     Defendant will promptly file a Notice of Filing of Notice of Removal in the 191st Judicial District Court in Dallas County, Texas, the Texas state court where this action was originally filed.

10.   Pursuant to LR 81.1, the following are being filed as attachments hereto:

    a.   An index of all documents filed with the state court and the date those documents were filed (attached as Exhibit 1)

    b.   A copy of the docket sheet in the state court action (attached as Exhibit 2)

    c.   Each document filed in the state court action (attached as Exhibits 3-5)

    d.   A separately signed certificate of interested persons (Exhibit 6)

WHEREFORE, Defendant Select Sports Group, LLC hereby removes all further proceedings in this action to the United States State District Court for the Northern District of Texas, Dallas Division and respectfully requests that this Court assume full jurisdiction in this action as provided by law.   Defendant asks for all further relief to which it may show itself justly entitled in law or in equity.

Dated:  March 27, 2015           Respectfully submitted,

                   s/ Keith Jaasma
                 Keith Jaasma
                 EWING & JONES, PLLC
                 Texas State Bar No. 00794014
                 Email: kjaasma@ewingjones.com
                 6363 Woodway Drive, Suite 1000
                 Houston, Texas 77057
                 (713) 590-9675
                 (713) 590-9602 (facsimile)

                 COUNSEL FOR DEFENDANT
                 SELECT SPORTS GROUP, LLC

## CERTIFICATE OF SERVICE

On March 27, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case

filing system of the court.  I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ Keith Jaasma
Keith Jaasma