**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **SSG BASEBALL, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No. 3:15-CV-00966-D** |
| **v.** | § | |
| | § | |
| **SELECT SPORTS GROUP, LLC** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff/Counter-Defendant SSG Baseball, LLC ("Plaintiff") files this Answer and Affirmative Defenses to Defendant/Counter-Plaintiff Select Sports Group, LLC's ("Defendant") Counterclaims (Doc. 6 – the "Counterclaim") and responds to the allegations in the Counterclaim by correspondingly numbered paragraphs as follows:

1. As set forth in its contemporaneously filed motion for remand and brief in support, incorporated by reference herein, Plaintiff denies that this Court has original subject matter jurisdiction over this removed action. Any counterclaims arising under federal law are subject to the concurrent jurisdiction of and should be adjudicated in the 191st Judicial District Court of Dallas County, Texas (the "State Court"), along with the claims in Plaintiff's well-pleaded state court petition. Plaintiff denies that there is any basis for this Court to exercise original, supplemental, ancillary or other jurisdiction over Defendant's state law counterclaim.

2. Plaintiff admits that it has performed services in this district and has its principal place of business in this district. Plaintiff has insufficient information to admit or deny the remaining allegations in Paragraph 2 of the Counterclaim which are legal conclusions and, therefore, denies them.

3. Plaintiff admits that it resides in this judicial district and that a substantial part of the events or omissions giving rise to this action occurred in this district. Plaintiff denies that any federal court – including this Court – is a proper venue for this state court action and denies the remaining allegations in paragraph 3 of the Counterclaim.

4. Plaintiff admits the allegations in paragraph 4 of the Counterclaim.

5. Plaintiff admits the allegations in Paragraph 5 of the Counterclaim.

6. Plaintiff denies the allegations in the first sentence in paragraph 6 of the Counterclaim. Plaintiff has insufficient information to admit or deny the allegations in the second and third sentences of paragraph 6 of the Counterclaim.

7. Plaintiff has insufficient information to admit or deny the allegations in the first sentence of paragraph 7. Plaintiff admits that Bryan Cahill was hired as an employee of SSG Baseball L.P. in 2010. Plaintiff denies that SSG Baseball, L.P. was "permitted to use the Select Sports Group mark because SSG Baseball, L.P. was owned in part by the owners of Select Sports Group, Ltd." Plaintiff admits that Select Sports Group, Ltd. and SSG Baseball, L.P. shared common office space. Plaintiff has insufficient information to admit or deny the remaining allegations in paragraph 7 of the Counterclaim.

8. Plaintiff admits that Bryan Cahill left the employment of SSG Baseball, L.P. in 2012; that Access Sports, LLC later changed its name to SSG Baseball, LLC; and that Defendant's in-house counsel sent a single email dated August 13, 2012 stating Defendant's incorrect position that Plaintiff did not have the right to use the name "Select Sports Group." Plaintiff denies all other allegations in paragraph 8 of the Counterclaim.

9. Plaintiff denies the allegations in the first sentence of paragraph 9 of the Counterclaim. Plaintiff admits that it has owned the domain name ssgbaseball.com since 2012

and that the name "SSG Baseball" appears on the LinkedIn.com page of one or more of its agents. Plaintiff denies the remaining allegations in paragraph 9 of the Counterclaim.

10. Plaintiff admits that in March 2014, Bryan Cahill requested a high resolution version of the Select Sports Group logo for Plaintiff's website and that Defendant's in-house counsel sent a second email dated March 17, 2014 stating Defendant's position that there was no grant of a license to use the names Select Sports Group or Select Sports Group Baseball, or the SSG logo. Plaintiff denies the remaining allegations in paragraph 10 of the Counterclaim.

11. Plaintiff admits that SSG Baseball, L.P. made a valid assignment of its rights and ownership interest in the Select Sports Group Baseball mark to Plaintiff, and that such assignment was reproduced to Defendant, who had been on notice of it since at least 2012. Plaintiff denies the remaining allegations in paragraph 11 of the Counterclaim.

12. Plaintiff admits it has used and applied to register the mark "Select Sports Group Baseball" and that it has opposed Defendant's registration applications. Plaintiff has insufficient information to admit or deny the unspecified timeframe alleged by Defendant ("has since been using") and, therefore, denies it along with the remaining allegations in paragraph 12 of the Counterclaim.

13. Plaintiff admits that a real case and controversy exists over the parties' respective rights to use the Marks at issue in this litigation. Plaintiff denies the remaining allegations in paragraph 13 of the Counterclaim.

14. Plaintiff incorporates the above responses to paragraphs 1-13 by reference in response to paragraph 14.

15. Plaintiff denies the allegations in Paragraph 15 of the Counterclaims.

16. Plaintiff denies the allegations in Paragraph 16 of the Counterclaims.

17. Plaintiff denies the allegations in Paragraph 17 of the Counterclaims.

18. Plaintiff denies the allegations in Paragraph 18 of the Counterclaims.

19. Plaintiff incorporates the above responses to paragraphs 1-18 by reference in response to paragraph 19.

20. Plaintiff denies the allegations in Paragraph 20 of the Counterclaims.

21. Plaintiff denies the allegations in Paragraph 21 of the Counterclaims.

22. Plaintiff denies the allegations in Paragraph 22 of the Counterclaims.

23. Plaintiff incorporates the above responses to paragraphs 1-22 by reference in response to paragraph 23.

24. Plaintiff admits that there is a justifiable controversy about the rights and obligations of the parties that is real and substantial, but denies that Defendant is entitled to any declaratory relief sought in the Counterclaims. Plaintiff denies the remaining allegations in Paragraph 24 of the Counterclaims, including specifically that this Court has jurisdiction over any aspect of this cause, including the Counterclaims, as further explained in Plaintiff's motion to remand and brief in support, incorporated by reference herein as if set forth in full.

25. Plaintiff denies the allegations of Paragraph 25 of the Counterclaims.

26. Plaintiff admits that Defendant seeks a declaration, but denies that Plaintiff is entitled to any declaratory relief sought in the Counterclaims, and otherwise denies the allegations in Paragraph 26 of the Counterclaims.

27. Paragraph 27 of the Counterclaims does not require a response.

28. Plaintiff denies that Defendant is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. The Counterclaims are barred because this Court lacks subject matter jurisdiction, as further explained in Plaintiff's motion to remand and brief in support, which are incorporated by reference herein as if set forth in full..

2. The Counterclaims are barred by limitations.

3. The Counterclaims are barred by laches.

4. The Counterclaims are barred by waiver.

5. The Counterclaims are barred by estoppel.

6. The Counterclaims are barred by acquiescence.

7. The Counterclaims are barred by the doctrine of unclean hands.

8. The Counterclaims are barred because Defendant failed to mitigate its alleged damages.

9. The Counterclaims are barred because Defendant's alleged damages are speculative.

10. The Counterclaims are barred by the doctrines of prior use, fair use and/or collateral use.

11. The Counterclaims are barred based on an enforceable contract.

12. The Counterclaims are barred by failure of consideration.

13. The Counterclaims are barred by ambiguity.

14. The Counterclaims are barred by ratification.

15. All actions taken by Plaintiff were justified, privileged or excused, were consistent with the exercise of Plaintiff's legitimate business interests, or were an exercise of Plaintiff's own rights in good faith.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court decline to exercise jurisdiction over the Counterclaims and remand this action in its entirety to the State Court. In the alternative, Plaintiff requests that, upon final trial of this cause, the Court enter judgment that Defendant take nothing on its Counterclaims, and awarding Plaintiff its attorneys' fees, costs of suit, and any other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

DUNN SHEEHAN LLP

By: */s/ William D. Dunn*

William D. Dunn
State Bar No. 24002023
ddunn@dunnsheehan.com
John David Blakley
State Bar No. 24069388
jdblakley@dunnsheehan.com
3400 Carlisle Street, Suite 200
Dallas, Texas 75204
Phone: 214.866.0156
Fax: 214.866.0070

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on April 23, 2015, I filed the foregoing using the Court's CM/ECF electronic filing system, which automatically served a copy on all counsel of record, including below:

Keith Jaasma
kjaasma@ewingjones.com
EWING & JONES, PLLC
6363 Woodway Drive, Suite 1000
Houston, Texas 77057

*/s/ William D. Dunn*
William D. Dunn