## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **SSG BASEBALL, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Case No. 3:15-CV-00966-D** |
| **v.** | § | |
| | § | |
| **SELECT SPORTS GROUP, LLC** | § | |
| | § | |
| **Defendant.** | § | |

### BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Plaintiff SSG Baseball, LLC files this Brief in Support of its Motion to Remand this action to the 191st Judicial District Court of Dallas County, Texas.

Respectfully submitted,

DUNN SHEEHAN LLP

By:/s/ William D. Dunn
    William D. Dunn
    State Bar No. 24002023
    ddunn@dunnsheehan.com
    John David Blakley
    State Bar No. 24069388
    jdblakley@dunnsheehan.com
    3400 Carlisle Street, Suite 200
    Dallas, Texas 75204
    Phone: 214.866.0156
    Fax: 214.866.0070

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 24, 2015, I filed the foregoing using the Court's CM/ECF electronic filing system, which automatically served a copy on all counsel of record, including below:

 Keith Jaasma
 kjaasma@ewingjones.com
 EWING & JONES, PLLC
 6363 Woodway Drive, Suite 1000
 Houston, Texas 77057

 James C. Scott
 jscott@gardere.com
 GARDERE WYNNE SEWELL LLP
 Thanksgiving Tower, Suite 3000
 1601 Elm Street
 Dallas, Texas 75201

*/s/ William D. Dunn*_____
William D. Dunn

# TABLE OF CONTENTS

I.   Summary ........................................................................................................... 1

II.  Facts and Procedural History ........................................................................... 2

III. Argument and Authorities ................................................................................ 4

   A.  Defendant's burden to prove proper removal under strictly construed removal statute...... 4

   B.  Federal jurisdiction depends entirely on the allegations in the Petition. ............................ 5

   C.  Defendant improperly invokes *complete* preemption where there is *no* preemption. ......... 9

   D.  Counterclaims and filings from the TTAB opposition proceeding are irrelevant. ............ 12

IV.  Request for Attorneys' Fees ............................................................................ 14

V.   Request for Relief............................................................................................. 15

## TABLE OF AUTHORITIES

**Cases**

*Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157 (5th Cir. 1989) ................................ 6

*Aetna Health Inc. v. Am. Capital Strategies Ltd.*, 542 U.S. 200 (2004) ......................... 6

*Am. Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951) ................................ 5

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003) ................................ 6

*Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546 (5th Cir. 2008) ................................ 7

*Blanco v. Equable Ascent Fin., LLC*, 2012 WL 2155005 (W.D. Tex. June 12, 2012) ........... 12, 13

*Brown v. Crop Hail Mgmt., Inc.*, 813 F.Supp. 519 (S.D. Tex. 1993) ........................... 10

*Bruneau v. Fed. Deposit Ins. Corp.*, 981 F.2d 175 (5th Cir. 1992) ........................... 9, 10

*Cantrell v. Briggs & Veselka Co.*, No. H-14-509, 2014 WL 6900846 (S.D. Tex. Dec. 5, 2014)  10

*Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362 (5th Cir. 1995) ............... 7, 9

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 396 (1987) ................................ 7, 9, 10

*Connors v. Malik*, No. CIV.A-97-666, 1997 WL 694732 (W.D. Pa. Nov. 3, 1997) ............. 10, 11

*Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996) ................................ 5

*Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 (1983) ................................ 6

*Gardner v. Clark Oil & Refining Corp.*, 383 F.Supp. 151 (E.D. Wis. 1974) ............... 11

*Gateway 2000, Inc. v. Cyrix Corp.*, 942 F.Supp. 985 (D.N.J. 1996) ................... 7, 9, 11

*Gully v. First Nat'l Bank*, 299 U.S. 109 (1936) ................................ 7

*Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826 (2002). ........................ 12, 13

*Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, --- F.Supp.3d ---, 2015 WL 337682 (S.D. Tex. Jan. 23, 2015) ................................ 4, 9

*Hot–Hed, Inc. v. Safehouse Habitats (Scotland), Ltd.*, 333 S.W.3d 719 (Tex. App.–Houston [1st Dist.] 2010, pet. denied) ................................ 8, 14

*In re B-727 Aircraft Serial No. 21010*, 272 F.2d 264 (5th Cir. 2001) ........................ 13

*In re Hot-Hed Inc.*, 477 F.3d 320 (5th Cir. 2007) ................................ 5, 8, 11, 15

*Johnson v. Tuff-N-Rumble Mgmt., Inc.*, No.Civ.A-02-1734, 2002 WL 31819167 (E.D. La. Dec. 13, 2002) ............................................................................................................................. 11

*Kirk v. Palmer*, 19 F.Supp.3d 707 (S.D. Tex. 2014) ......................................................... 11, 12, 15

*La Chemise Lacoste v. Alligator Co., Inc.*, 506 F.2d 339 (3d Cir. 1974) ................................. 9, 15

*Lotte Chem Titan (M) Sendirian Berhard v. Wilder*, No. H-14-1116, 2014 WL 7151569, at *1 (S.D. Tex. Dec. 12, 2014) ............................................................................................... 14

*Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908) .................................................. 5

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002) ........................... 4, 5

*Marin v. Franklin Cap. Corp.*, 546 U.S. 132 (2005) ................................................................... 14

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) .............................................................. 14

*Miranti v. Lee*, 3 F.3d 925 (5th Cir. 1993) .................................................................................. 14

*Morton v. Am. Capital Strategies, Ltd.*, No. H-13-2558, 2014 WL 2565660 (S.D. Tex. June 6, 2014) ................................................................................................................................ 6

*Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 Fed.Appx. 775 (10th Cir. 2005) ......... 5

*Passalacqua Corp. v. Rest. Mgmt. II, Inc.*, 885 F.Supp. 154 (E.D. Mich. 1995) ................... 10, 11

*Pidgeon v. Parker*, 46 F.Supp.3d 692 (S.D. Tex. 2014) .............................................................. 5, 9

*Powers v. Southern Cent. United Food & Comm. Workers Unions and Employers Health & Welfare Trust*, 719 F.2d 760 (5th Cir. 1983) ............................................................. 4, 6, 9, 14

*RBC Nice Bearings, Inc. v. SKF USA, Inc.*, No. 3:06-CV-1880, 2011 WL 754889 (D. Conn. Feb. 24, 2011) .......................................................................................................................... 13

*Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998) .................................................................... 12

*State of Tex. By and Through Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813 (5th Cir. 1998) .............................................................................................................................. 12

*Traeger Grills East, LLC v. Traeger Pellet Grills, LLC*, No. 3:11-CV-536, 2011 WL 5439330 (D. Or. Nov. 9, 2011) ...................................................................................................... 13

*Tunchez v. Fins Grill*, No. C-09-125, 2009 WL 2615922 (S.D. Tex. Aug. 24, 2009) ........... 6, 7, 9

*United Food & Comm. Workers Unions and Employers Health & Welfare Trust*, 719 F.2d 760 (5th Cir. 1983) .............................................................................................................. 4, 9

*USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274 (5th Cir. 2011) ......................................... 12

*Valden v. Discover Bank*, 556 U.S. 49 (2009) ............................................................................. 13

*Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000) ..................................................... 14

*Van Steenburg v. Hageman*, No. SA:14-CV-976, 2015 WL 1509940 (W.D. Tex. Mar. 31, 2015) ......................................................................................................................................... 12

**Statutes**

15 U.S.C. § 1051 ....................................................................................................................... 3, 5

15 U.S.C. § 1121 .......................................................................................................................... 5

15 U.S.C. § 1125(a) ..................................................................................................................... 4

28 U.S.C. § 1331 .......................................................................................................................... 5

28 U.S.C. § 1447(c) .................................................................................................................... 14

28 U.S.C. § 2201 .......................................................................................................................... 4

28 U.S.C. § 2202 .......................................................................................................................... 4

TEX. CIV. PRAC. & REM. CODE § 37.001 ................................................................................. 1, 2

## I.     S<small>UMMARY</small>

This is a state law action for declaratory judgment under the Texas Uniform Declaratory Judgment Act, T<small>EX</small>. C<small>IV</small>. P<small>RAC</small>. & R<small>EM</small>. C<small>ODE</small> § 37.001 *et seq.*  In its state court petition, Plaintiff asserts *one* cause of action – a request for declaratory relief under Texas law confirming (a) Plaintiff's ownership of and/or right to use two *common law* trademarks, "SSG Baseball" and "Select Sports Group Baseball" (collectively, the "Marks"); and (b) that Plaintiff has not infringed on any *common law* trademark rights of Defendant in connection with the Marks.  Defendant's removal of this case was improper and objectively unreasonable because this Court's lack of subject matter jurisdiction is apparent on the face of the petition.

There is no diversity of citizenship between the parties and Defendant does not contend otherwise.  Nor is there any basis for federal-question jurisdiction.  It is well-established that a plaintiff is the master of its well-pleaded complaint.  Whether a cause of action presents a federal question depends *exclusively* on the allegations in the Plaintiff's pleading.  In this case, the state court petition does not seek relief under any federal law.  It does not plead any federal claim or cause of action.  Nor does it seek any relief pertaining to – or even *mention* – any application to register the Marks with the United States Patent and Trademark Office ("USPTO"), or any related opposition or cancellation proceeding before the Trademark Trial and Appeal Board ("TTAB").  Indeed, Plaintiff's "well-pleaded complaint" does not contain a single arguable reference to the any federal constitution, statute, regulation, rule, administrative or judicial proceeding, or any other matter arising under or implicating federal law.

Plaintiff's state law declaratory judgment claim is not preempted by the Lanham Act or any other federal law.  Both federal and state courts in Texas have long recognized the right of the owner of a common law trademark to sue under the Texas common law for trademark infringement and/or declaratory relief regarding the ownership of or right to use such common law trademarks.

That is the precise nature of the single cause of action alleged by Plaintiff.  Defendant's misguided effort to inject federal trademark law into this case by way of post-removal federal counterclaims and references to filings in the independent TTAB opposition proceeding are ***irrelevant*** to the jurisdictional determination.

Defendant cannot meet its burden to show its removal was proper under the strictly-construed removal statute.  Because this Court lacks subject matter jurisdiction, remand of this case to the state court is mandatory.  Because there was no objectively reasonable basis for Defendant to remove it in the first place, Plaintiff is entitled to recover the attorneys' fees and costs incurred in remanding the case.

## II.    FACTS AND PROCEDURAL HISTORY

On February 9, 2015, Plaintiff filed its Original Petition and Request for Disclosure (the "Petition") in the 191st Judicial District Court of Dallas County Texas court (the "State Court") under Cause No. DC-15-01633 (the "State Court Action").[1]

It is undisputed that there is no diversity of citizenship between the parties.  Plaintiff is a Texas limited liability company with its principal place of business in Dallas County, Texas.[2] Defendant concedes that it is a Texas limited liability company with its principal place of business in Houston, Texas.[3]

On its face, the Petition "is a state law action for declaratory judgment under the Texas Uniform Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE § 37.001 *et seq.*"[4]  Plaintiff "seeks a declaratory judgment confirming (a) Plaintiff's ownership of and/or right to use two

---

[1] Doc. 1 at Ex. 3, Petition.
[2] *Id.* at ¶ 2.
[3] *Id.* at ¶ 3; Doc. 6, Answer and Counterclaim at ¶ 3 ("Defendant admits the allegations of Paragraph 3 of the Complaint.").
[4] *Id.* at ¶ 6.

*common law* trademarks, "SSG Baseball" and "Select Sports Group Baseball" (collectively, the "Marks"); and (b) that Plaintiff has not infringed on any *common law* trademark rights of Defendant in connection with the Marks."[5]

The Petition alleges only one state law cause of action – a request for relief under the Texas declaratory judgment statute regarding the ownership of and right to use the Marks – in particular, that Plaintiff has not infringed on any "common law trademark rights" allegedly held by Defendant and that Defendant is barred "under Texas law" from asserting alleged rights in the Marks.[6]

In contrast, the Petition does not plead any claim or cause of action, or otherwise seek relief under the Latham Act, 15 U.S.C. §§ 1051 *et seq.* or any other federal law, statute, rule or regulation. Nor does the Petition mention or seek any relief pertaining to (a) any application to register the Marks with the USPTO; (b) any opposition to such registration; (c) any resulting administrative proceeding before the TTAB; or (d) any pleading or allegation filed or made in connection with any such proceeding.[7]

On March 27, 2015, Defendant filed its Notice of Removal, wherein it purports to invoke this Court's federal question jurisdiction "because Plaintiff has claims that arise under Federal trademark law, 15 U.S.C. §§ 1051 *et seq.*" (i.e., the Lanham Act).[8] Defendant offers two equally misplaced bases for removal. One, Defendant ignores the only pertinent inquiry – the well-pleaded allegations in the Petition – and attempts to manufacture a federal question by attaching papers filed with the TTAB as exhibits to the Notice of Removal, and then grafting their contents onto Plaintiff's pleading.[9] Those extrinsic matters have no bearing on the jurisdictional inquiry and

---

[5] *Id.* (emphasis supplied).
[6] *Id.* at ¶ 22.
[7] *See generally*, Doc. 1 at Ex. 3, Petition.
[8] *Id.* at ¶ 5.
[9] *Id.* at ¶ 6.

cannot be considered.  Two, Defendant incorrectly asserts that Plaintiff's state law declaratory judgment claim is "completely preempted" by federal law governing the registration of trademarks[10] - even though the Petition does not assert any Lanham Act claim or seek any relief regarding registration of the Marks, and even though the State Court would have concurrent jurisdiction over a Lanham Act claim had one been asserted.

On April 2, 2015 – the week after removing the case – Defendant filed its Original Answer and Counterclaims with this Court.[11]  Defendant does not allege any affirmative defenses, but asserts counterclaims for federal unfair competition (15 U.S.C. § 1125(a)) and declaratory judgment (28 U.S.C. §§ 2201-2202) in a further effort to improperly inject federal law into the State Court Action.[12]  As demonstrated below, the counterclaims are likewise irrelevant to the question of federal jurisdiction.

## III.   ARGUMENT AND AUTHORITIES

### A.   Defendant's burden to prove proper removal under strictly construed removal statute.

Defendant bears the burden of proving that its removal was proper and that this Court has jurisdiction.  *See Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, --- F.Supp.3d ---, 2015 WL 337682, at *2 (S.D. Tex. Jan. 23, 2015) ("The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper."), citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

"In construing the removal statute, the Supreme Court has mandated a 'strict construction' approach, in recognition of the congressional intent to restrict the jurisdiction of federal courts on removal." *Powers v. Southern Cent. United Food & Comm. Workers Unions and Employers*

---

[10] *Id.* at ¶ 7.
[11] Doc. 6, Answer and Counterclaims.
[12] *Id.* at pp. 7-8 (Counts I and III).

*Health & Welfare Trust*, 719 F.2d 760, 762 (5th Cir. 1983), citing *Am. Fire & Casualty Co. v. Finn*, 341 U.S. 6, 10 (1951); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("The removal statute is…to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand."); *Pidgeon v. Parker*, 46 F.Supp.3d 692, 698 (S.D. Tex. 2014) ("Because removal jurisdiction raises significant federalism concerns, any 'ambiguities are to be construed against removal.'"), quoting *Manguno*, 276 F.3d at 723; *Oklahoma Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, 149 Fed.Appx. 775, 778 (10th Cir. 2005) ("Given the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record.").

To meet that burden, Defendant alleges that Plaintiff's claims "arise under" federal trademark law (15 U.S.C. §§ 1051 *et seq*.) and, therefore, that this Court has jurisdiction pursuant to 15 U.S.C. § 1121.[13] Defendant does not allege jurisdiction based on diversity of citizenship, as there is no diversity between the parties.  Accordingly, Defendant must demonstrate that the State Court Action arises under federal law for removal to be proper.  *See Robertson v. W. Heritage Ins. Co.*, No. 3:96-CV-2044, 1996 WL 722078, at *2 (N.D. Tex. Dec. 5, 1996) ("[W]here there is not diversity jurisdiction…a federal question must be present in order for removal to be proper.")

**B.**     **Federal jurisdiction depends entirely on the allegations in the Petition.**

"Whether a cause of action presents a federal question depends on the allegations in a plaintiff's complaint."  *Pidgeon*, 46 F.Supp.3d at 698, citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Accordingly, "[t]o determine whether any claim 'arises under'

---

[13] Doc. 1, Notice of Removal at ¶ 5.  Defendant also cites 15 U.S.C. § 1332—the definition section of the Cigarette Labeling and Advertising Act of 1966.  *Id.*  Presumably, Defendant intends to cite 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States.  Even so, the analysis is the same under both 15 U.S.C. § 1121 and 28 U.S.C. § 1331.  *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485-86 (9th Cir. 1996) (because 15 U.S.C. § 1121 contains the same "arising under" language as appears in 28 U.S.C. § 1331, the principles outlined in cases construing the latter are equally applicable to construction of the former).

federal law the court must examine the 'well pleaded' allegations of the complaint." *Duncan v. Freeman*, No. 3:14-CV-1827, 2014 WL 5286619, at *2 (N.D. Tex. Oct. 15, 2014), quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *see also Tunchez v. Fins Grill*, No. C-09-125, 2009 WL 2615922, at *2 (S.D. Tex. Aug. 24, 2009) ("The presence of federal question jurisdiction is governed by the well-pleaded complaint rule."). The "well-pleaded complaint" rule is "firmly established" as a "powerful doctrine." *Powers*, 719 F.2d at 763.

Under the well-pleaded complaint rule, Plaintiff's "'properly pleaded complaint governs the jurisdictional determination, and if on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction.'" *Tunchez*, 2009 WL 2615922, at *2, quoting *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989). Jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Morton v. Am. Capital Strategies, Ltd.*, No. H-13-2558, 2014 WL 2565660, at *3 (S.D. Tex. June 6, 2014), quoting *Aetna Health Inc. v. Am. Capital Strategies Ltd.*, 542 U.S. 200, 207 (2004); *see also Powers*, 719 F.2d at 763 (well-pleaded complaint rule "dictates that 'a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law") (emphasis in original), quoting *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 2 (1983).

Plaintiff is the "master" of its complaint and claims—it has the prerogative whether to allege only state law causes of action, even if a federal remedy may also be available. *See Duncan*, 2014 WL 5286619, at *2 ("It is now axiomatic that a plaintiff is 'master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available.'"),

quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *Tunchez*, 2009 WL 2615922, at *2 ("The plaintiff is thus the master of her complaint… Where a plaintiff has a choice between federal and state law claims, he 'may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded.'"), quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995); *Brennan's, Inc. v. Brennan*, No. 06-6043, 2006 WL 3141930, at *1 (E.D. La. Oct. 30, 2006) ("[A] plaintiff may choose not to plead federal claims in order to prevent removal, because the plaintiff is 'the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'"), quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 396 (1987).

"A defendant cannot establish federal question jurisdiction merely by showing that federal law will 'apply' to a case or that there is a 'federal issue' in the plaintiff's state law causes of action." *Tunchez*, 2009 WL 2615922, at *2, quoting *Carpenter*, 44 F.3d at 366. Instead, "[t]he burden is on defendant to show that a federal right is '***an element, and an essential one, of the plaintiff's cause of action***.'" *Carpenter*, 44 F.3d at 366, quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 111 (1936) (emphasis supplied).

Within the specific context of trademark law, "[t]o properly remove a trademark case to Federal court, a defendant must satisfy the requirements for original jurisdiction under the Lanham Act and additionally demonstrate that the plaintiff, as master of the complaint, sought relief under the Lanham Act." *Gateway 2000, Inc. v. Cyrix Corp.*, 942 F.Supp. 985, 993 (D.N.J. 1996).

Here, the Petition seeks no relief under the Lanham Act or any other federal law. It contains no cause of action for which any federal right is an essential element. Rather, the Petition seeks only a state law declaratory judgment regarding ownership of and/or right to use the Marks under

the Texas common law.[14]  Texas law has long recognized the right of the owner of a common law trademark to sue under state trademark law for trademark infringement and to seek relief under the Texas declaratory judgment statute regarding the ownership of or right to use such common law marks.  *See, e.g., Hot-Hed,* 477 F.3d at 324-25 (after removal of Texas state court suit alleging claims for Texas common law trademark infringement and unfair competition, Fifth Circuit granted plaintiff's petition for a writ of mandamus and vacated district court's order denying motion to remand based on federal question jurisdiction; "In essence, SafeHouse is contending that Hot–Hed cannot allege separate, independent claims for trademark infringement and unfair competition under Texas law. This argument, appropriately described by Hot–Hed as convoluted, is plainly without merit."); *see also Hot–Hed, Inc. v. Safehouse Habitats (Scotland), Ltd.*, 333 S.W.3d 719, 727-28 (Tex. App.–Houston [1st Dist.] 2010, pet. denied) (after remand of same case by Fifth Circuit because no federal question was presented, Houston Court of Appeals affirmed state law declaratory judgment that trademark was not eligible for protection as a trademark under Texas common law or federal trademark law).  Indeed, even Defendant pleads state law counterclaims for Texas common law trademark infringement and unfair competition.[15]

In stating its claim in the State Court, Plaintiff chose to assert only an independent, stand-alone claim for declaratory relief regarding common law trademark rights under Texas law.  No federal right or issue is an element—much less an essential one—of Plaintiff's cause of action.  While a common law trademark infringement action under Texas law may present similar issues to those under federal trademark action, it is still a distinct state law cause of action.  While federal trademark law might provide Plaintiff with other or additional remedies, it was Plaintiff's

---

[14] Doc. 1 at ex. 3, Petition at ¶¶ 6, 22.
[15] Doc. 6 at p. 8 (Count II).

prerogative as the master of its claims to limit the allegations in its Petition to matters arising under the Texas common law.[16]

## C.     Defendant improperly invokes *complete* preemption where there is *no* preemption.

According to Defendant, Plaintiff's state law declaratory judgment claim is "completely preempted by Federal law."[17]   Although federal preemption of state law is, in general, a defense like any other and will not serve to invoke federal jurisdiction[18], the *complete* preemption doctrine – also known as the "artful pleading" doctrine[19] – is a narrow exception to well-pleaded complaint rule.  *Tunchez*, 2009 WL 2615922, at *2 ("Complete preemption is an exception to the well-pleaded complaint rule…The complete preemption doctrine 'represents a narrow exception to the rule requiring the basis of federal question jurisdiction to be found on the face of the plaintiff's well-pleaded complaint and not in any anticipated defense.'"), quoting *Carpenter*, 44 F.3d at 367, and citing *Caterpillar*, 482 U.S. at 391-92.

However, "[f]or complete preemption to adhere, the federal law must so completely preempt the field that any suit that sounds in that area necessarily is a federal action."  *Id.*, citing

---

[16] *See La Chemise Lacoste v. Alligator Co., Inc.*, 506 F.2d 339, 346 n.9 (3d Cir. 1974) ("Ample experience indicates that, where a state trademark or infringement action is sought to be removed to federal court on the theory that the action could have been predicated on the Lanham Act, federal courts have been unwilling to find a federal question by implication and have remanded to state courts.").

[17] Doc. 1, Notice of Removal at ¶ 7.

[18] *See Bruneau v. Fed. Deposit Ins. Corp.*, 981 F.2d 175, 179 (5th Cir. 1992) (as a general matter, "a preemption defense cannot be the basis of the original federal jurisdiction"); *Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, ---F.Supp.3d ---, 2015 WL 337682, at *3 (S.D. Tex. Jan. 23, 2015) ("Complete preemption creates federal removal jurisdiction, while ordinary preemption, which is a federal defense and may arise by express statutory provision or by a direct conflict between the operation of federal and state law, but does not appear on the face of the complaint, does not create removal jurisdiction."); *Pidgeon v. Parker*, 46 F.Supp.3d 692, 699 (S.D. Tex. 2014) ("[A]n asserted or anticipated defense predicated on federal preemption of state law is, in jurisdictional terms, a defense like any other, and will not serve to invoke federal jurisdiction."), quoting *Powers v. Southern Cent. United Food & Comm. Workers Unions and Employers Health & Welfare Trust*, 719 F.2d 760, 764 (5th Cir. 1983); *Robertson v. W. Heritage Ins. Co.*, No. 3:96-CV-2044, 1996 WL 722078, at *2 (N.D. Tex. Dec. 5, 1996) ("The general rule…is that a federal defense to a state law claim does not create removal jurisdiction."); *Passalacqua Corp. v. Rest. Mgmt. II, Inc.*, 885 F.Supp. 154, 158 (E.D. Mich. 1995) ("Normally, federal preemption is an affirmative defense and does not give rise to removal jurisdiction but remains a matter for the state court to decide."), citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

[19] *See Gateway 2000, Inc. v. Cyrix Corp.*, 942 F.Supp. 985, 991 (D.N.J. 1996) ("The same [complete preemption] principle has been referred to as the 'artful pleading' doctrine.").

**BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION TO REMAND**                                                                 9

*Brown v. Crop Hail Mgmt., Inc.*, 813 F.Supp. 519, 523 (S.D. Tex. 1993).  "[T]he Supreme Court has explained that complete preemption exists when 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"  *Passalacqua Corp. v. Rest. Mgmt. II, Inc.*, 885 F.Supp. 154, 158 (E.D. Mich. 1995), quoting *Caterpillar*, 482 U.S. at 393.  And "[t]he Fifth Circuit states that to determine the preemptive force of a federal statute, 'there must be evidence of the clearly manifested intent of Congress that such preemption occur.'"  *Id.*, quoting *Bruneau v. Fed. Deposit Ins. Corp.*, 981 F.2d 175, 179 (5th Cir. 1992).

It is well-settled that federal law does not at all preempt—much less *completely* preempt—the concurrent state regulation of trademark law.[20]  *See Colonial Penn Group, Inc. v. Colonial Deposit*, 834 F.2d 229, 234 n.3 (1st Cir. 1987) ("It cannot be argued that the Lanham Act has completely preempted state common law service mark protection…Thus, a state-based action for protection of such common law marks is not analogous to the sort of…action…which is *necessarily* federal in nature."); *Brennan*, 2006 WL 3141930, at *2 ("Federal courts have jurisdiction over trademark claims.  However, this jurisdiction is not exclusive original jurisdiction."); *Johnson v. Tuff-N-Rumble Mgmt., Inc.*, No.Civ.A-02-1734, 2002 WL 31819167, at *5 (E.D. La. Dec. 13, 2002) ("Federal district courts do not have exclusive original jurisdiction

---

[20] In fact, the complete preemption doctrine has been found to be applicable with respect to only three federal statutes, none of which are at issue in this case: the Employee Retirement Income Security Act (ERISA), the National Bank Act (NBA), and the Labor Management Relations Act (LMRA).  *See Cantrell v. Briggs & Veselka Co.*, No. H-14-509, 2014 WL 6900846, at *2 (S.D. Tex. Dec. 5, 2014) ("The Supreme Court has only found complete preemption in three areas: the usury provisions of the National Bank Act ('NBA'); the Employee Retirement Income Securiy Act of 1974 ('ERISA'); and the Labor Management Relations Act ('LMRA')."); *Connors v. Malik*, No. CIV.A-97-666, 1997 WL 694732, at *2 (W.D. Pa. Nov. 3, 1997) ("There is an exception to the well-pleaded complaint rule: if a plaintiff, by artful pleading, deliberately avoids making allegations that would reveal the exclusively federal nature of the complaint, then removal may be had despite the plaintiff's purported exclusive reliance on state law.  This principle is usually quite limited, however, being confined to cases arising under ERISA and § 301 of the LMRA.  It does not apply, however, when…'the complaint states a prima facie case under state law.'  *Nor does the principle apply in the context of the Lanham Act, where relief coexists with, and may be sought entirely under, state law*.") (internal citations omitted; emphasis added).

over trademark claims."), citing, *inter alia*, 28 U.S.C. § 1338(a); *Cyrix*, 942 F.Supp. at 993 ("The Lanham Act does not have a preemptive effect over state regulation of trademark law."); *Passalacqua*, 885 F.Supp. at 158 ("This court has found no cases in which federal trademark law has been held to completely preempt state law unfair competition claims. Accordingly, the 'complete preemption' doctrine is inapplicable and the 'well-pleaded complaint' rule controls."); *Gardner v. Clark Oil & Refining Corp.*, 383 F.Supp. 151, 153 (E.D. Wis. 1974) ("[T]he Lanham Act, 15 U.S.C. 1051 et. seq., does not preempt reliance on state trademark laws."). Instead, "[n]umerous federal courts" recognize "the widely agreed upon proposition that a 'dispute over property ownership does not properly fall under federal law just because the property is a federally-created interest like a trademark or a copyright.'" *Kirk v. Palmer*, 19 F.Supp.3d 707, 711 (S.D. Tex. 2014).

What is more, the complete preemption doctrine "does not apply…when…'the complaint states a *prima facie* case under state law.'" *Connors v. Malik*, No. CIV.A-97-666, 1997 WL 694732, at *2 (W.D. Pa. Nov. 3, 1997), quoting *Cyrix*, 942 F.Supp. at 991. "As multiple courts have clarified, removal of a trademark infringement action is improper 'when a plaintiff does not clearly state he is seeking relief under the Lanham Act.'"[21] *Hot-Hed*, 477 F.3d at 324; *see also Brennan*, 2006 WL 3141930, at *2 ("[W]hen a plaintiff does not state that he is seeking relief under the Lanham Act in his well-pleaded complaint, removal is improper."); *Johnson*, 2002 WL 31819167, at *5 ("When a plaintiff does not clearly state he is seeking relief under the Lanham At, removal is improper."); *Cyrix*, 942 F.Supp. at 993 ("[W]here a plaintiff does not clearly state relief under the Lanham Act, removal is not proper.").

---

[21] In fact, "courts have held that the **tracking** of Lanham Act language does not necessitate federal jurisdiction." *Brennan's, Inc. v. Brennan*, No. 06-6043, 2006 WL 3141930, at *2 (E.D. La. Oct. 30, 2006) (emphasis supplied), citing *Cyrix*, 942 F.Supp. at 993 and *1st Nat'l Reserve, L.C. v. Vaughn*, 931 F.Supp. 463, 467-68 (E.D. Tex. 1996).

**D.      Counterclaims and filings from the TTAB opposition proceeding are irrelevant.**

Under the well-pleaded complaint rule, "federal question jurisdiction must be established 'unaided by anything…the defendant may interpose.'" *Duncan*, 2014 WL 5286619, at *5, quoting *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 276 (5th Cir. 2011).  "Thus, the defendants' defenses and counterclaims are irrelevant."  *Id.*; *see also State of Tex. By and Through Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813 (5th Cir. 1998) ("There has never been a suggestion that a defendant could, by asserting an artful counterclaim, render a case removable in violation of the well-pleaded complaint rule."), citing *Rivet v. Regions Bank of La.*, 522 U.S. 470 (1998); *Kirk*, 19 F.Supp.3d at 710 ("In the normal course, the Court would not consider whether Defendants' counterclaims arise under federal law because of the well-pleaded complaint rule, which requires a plaintiff's complaint—not the defendant's answer—to demonstrate a basis for federal jurisdiction."); *Blanco v. Equable Ascent Fin., LLC*, 2012 WL 2155005, at *2 (W.D. Tex. June 12, 2012) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."), citing *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002).

Defendant's post-removal federal unfair competition and declaratory judgment counterclaims are ***irrelevant*** to the jurisdictional inquiry.  Indeed, "[t]he Supreme Court has held that a federal counterclaim does not establish federal question jurisdiction, and observed that allowing a counterclaim to create federal question jurisdiction would 'undermine the clarity and simplicity of the well-pleaded complaint rule' because courts would be 'obliged to considered the contents not only of the complaint but also of responsive pleadings in determining whether a cause 'arises under' federal law."  *Van Steenburg v. Hageman*, No. SA:14-CV-976, 2015 WL 1509940, at *5 (W.D. Tex. Mar. 31, 2015), quoting *Valden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Blanco*, 2012 WL 2155005, at *2 ("The Supreme Court has explicitly 'declined to transform

the longstanding well-pleaded complaint rule into the well-pleaded complaint-*or-counterclaim* rule.'") (emphasis in original), quoting *Holmes Group*, 535 U.S. at 832.

Accordingly, Defendants' federal counterclaims would not create federal question jurisdiction over Plaintiff's cause of action even if those counterclaims could only be brought in federal court. But that is not the case either. The State Court has jurisdiction to hear all of Defendant's counterclaims – even those couched by Defendant as arising under federal law – and to grant all of the relief sought by Defendant. *See Traeger Grills East, LLC v. Traeger Pellet Grills, LLC*, No. 3:11-CV-536, 2011 WL 5439330, at *5 (D. Or. Nov. 9, 2011) ("Defendant's trademark infringement counterclaim may proceed in state court pursuant to concurrent jurisdiction because remedies under the Lanham Act are not limited exclusively to federal courts."); *RBC Nice Bearings, Inc. v. SKF USA, Inc.*, No. 3:06-CV-1880, 2011 WL 754889, at *3 (D. Conn. Feb. 24, 2011) ("Counts Two and Three are trademark claims pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, which also could have been brought in state court."); *In re B-727 Aircraft Serial No. 21010*, 272 F.2d 264, 270 (5th Cir. 2001) ("[T]he Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, does not provide a federal court with an independent basis for exercising subject-matter jurisdiction.").

Likewise irrelevant to the jurisdictional inquiry are statements made by the parties in filings in the TTAB opposition proceeding – matters which are not referenced in or attached to the Petition and appear in this case only by virtue of being attached as exhibits to and discussed in Defendant's Notice of Removal. The Petition does not attach, reference, or seek any relief pertaining to (a) any application to register the Marks with the USPTO; (b) any opposition to such registration; (c) any resulting administrative proceeding before the TTAB; or (d) any pleading or allegation filed or made in connection with any such proceeding. The Court may not consider these extrinsic matters

in determining if jurisdiction exists. *See Powers*, 719 F.2d at 764 ("[N]ether the defendant's answer **nor its petition for removal** may serve as the basis for federal jurisdiction to the extent that each may assert that the plaintiff's claim 'arises under' federal law.") (emphasis supplied).[22]

## IV.   REQUEST FOR ATTORNEYS' FEES

Under the removal statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources."  *Lotte Chem Titan (M) Sendirian Berhard v. Wilder*, No. H-14-1116, 2014 WL 7151569, at *1 (S.D. Tex. Dec. 12, 2014), quoting *Marin v. Franklin Cap. Corp.*, 546 U.S. 132, 140-41 (2005).  Accordingly, an award of attorneys' fees is proper "where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  No showing of bad faith or sanctionable conduct is required for an award of fees.  *See Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993); *see also Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) ("To be sure, the district court may award fees even if removal is made in subjective good faith.").

It is axiomatic that federal and state trademark laws regulate concurrently.  It is beyond well-established that the Lanham Act does not preempt state law, and that many states such as Texas have their own trademark laws.  There is not a whiff of federal trademark law in Plaintiff's

---

[22] In any event, Texas courts allow plaintiffs to seek relief under the Texas declaratory judgment statute regarding the ownership of or right to use trademarks even when the parties are concurrently involved in proceedings before the USPTO involving the same trademarks.  *See, e.g. Hot–Hed*, 333 S.W.3d at 727-28 ("Safehouse's counterclaim under the [Texas Uniform Declaratory Judgment Act] sought a declaration from the trial court that would encompass both state **and federal** eligibility of the term 'Habitat' for trademark protection and provide a ruling from the trial court that would **dispose of proceedings between Hot-Hed and Safehouse in the USPTO**…We conclude that Safehouse's declaratory judgment counterclaims stated a claim for affirmative relief and was the proper subject of a declaratory judgment.") (emphasis supplied).

state court Petition.  There is not a single factual or legal allegation in the Petition from which an objectively reasonable person could possibly conclude that Plaintiff's state law declaratory judgment claim arises under federal law.  Defendant's two proffered bases for removal – (i) statements made in extraneous TTAB filings that are not referenced in the Petition, are not attached to the Petition, and by clear authority cannot be considered by the Court in determining jurisdiction; and (ii) alleged "complete preemption" of state trademark law issues that are not preempted at all – are patently meritless.  The binding precedent foreclosing removal of this action is well-trodden to the point of ubiquity.[23]  Because Defendant had no objectively reasonable basis for removing the State Court Action to this Court, Plaintiff is entitled to recover its attorneys' fees and expenses incurred as a result of Defendant's improper removal, in an amount to be proven by written submission and/or evidentiary hearing as directed by the Court.

## V.    REQUEST FOR RELIEF

Based on the foregoing, Plaintiff respectfully requests that the Court (a) remand this case to the State Court; (b) grant Plaintiff leave to prove up its attorneys' fees and costs incurred as a result of Defendant's improper removal and award such amounts to Plaintiff; and (c) grant Plaintiff all other relief at law or in equity to which it may be entitled.

---

[23] *See, e.g., Duncan v. Freeman*, No. 3:14-CV-1827, 2014 WL 5286619, at *2 (N.D. Tex. Oct. 15, 2014) ("***It is now axiomatic*** that a plaintiff is 'master of his complaint and may generally allege only a state law cause of action even where a federal remedy is also available.'") (emphasis supplied); *Kirk v. Palmer*, 19 F.Supp.3d 707, 711 (S.D. Tex. 2014) ("***Numerous federal courts***" recognize "***the widely agreed upon*** proposition that a 'dispute over property ownership does not properly fall under federal law just because the property is a federally-created interest like a trademark or a copyright.'") (emphasis supplied); *In re Hot-Hed Inc.*, 477 F.3d 320, 324 (5th Cir. 2007) ("***As multiple courts have clarified***, removal of a trademark infringement action is improper 'when a plaintiff does not clearly state he is seeking relief under the Lanham Act.'") (emphasis supplied); *La Chemise*, 506 F.2d at 346 n.9 ("***Ample experience indicates*** that, where a state trademark or infringement action is sought to be removed to federal court on the theory that the action could have been predicated on the Lanham Act, federal courts have been unwilling to find a federal question by implication and have remanded to state courts.") (emphasis supplied).

BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND                                                              15